**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAURA KOSCHUK, SUZANNE BERGMAN and PAIGE ALLISON**

**Plaintiffs,**

**v.** **CASE NO.: 6:11-cv-01325-ORL-31GJK**

**DISTRICT BOARD OF TRUSTEES OF DAYTONA STATE COLLEGE, and KEITH KENNEDY, in his official capacity as Dean of Students and Director of Student Disability Services,**

**Defendant.**
________________________________/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW, Defendants DISTRICT BOARD OF TRUSTEES OF DAYTONA STATE COLLEGE ("the College") and KEITH KENNEDY ("Kennedy"), by and through their undersigned counsel and hereby files its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, filed on January 6, 2012:

1. Admitted for purposes of establishing jurisdiction only.
2. Admitted for purposes of establishing jurisdiction only.
3. Admitted.
4. Admitted.
5. Admitted for purposes of establishing jurisdiction only.
6. Defendant is without knowledge as to KOSCHUK's residence, but admits that KOSCHUK is hearing impaired and the remaining allegations contained in paragraph 6.

339834

7. Defendant is without knowledge as to BERGMAN's residence, but admits that BERMAN is hearing impaired and the remaining allegations contained in paragraph 7.
8. Defendant is without knowledge as to ALLISON's residence, but admits that ALLISON is hearing impaired and the remaining allegations contained in paragraph 8.
9. Defendant is without knowledge as to the allegations in paragraph 9.

**FACTS AS TO LAURA KOSCHUK**

10. Defendant admits that KOSCHUK has sought education with the College, that she is hearing impaired and that she uses ASL, but denies the remaining allegations in paragraph 10.
11. Admitted.
12. Denied.
13. Defendant admits that KOSCHUK completed paperwork for qualification as a student with a disability and that she requested a note taker, but denies all remaining allegations in paragraph 13.
14. Admitted.
15. Denied.
16. Defendant admits there was a video component to KOSCHUK's math class, but denies the remaining allegations in paragraph 16.
17. Denied.
18. Denied.
19. Admitted.
20. Denied.
21. Denied.
22. Denied.

23. Denied.
24. Denied.
25. Denied.
26. Denied.
27. Paragraph 27 references a document that speaks for itself and therefore Defendants are not required to admit or deny.
28. Denied.
29. Denied.
30. Denied.
31. Denied.
32. Denied.
33. Denied.
34. Denied.
35. Denied.
36. Denied.
37. Denied.
38. Denied.
39. Denied.
40. Paragraph 40 references a document that speaks for itself and therefore Defendants are not required to admit or deny.
41. Denied.
42. Denied.
43. Without knowledge, therefore denied.

**FACTS AS TO SUZANNE BERGMAN**

44. Without knowledge, therefore denied.

45. Defendant admits that at one point it had a contract with Easter Seals to provide interpreter services, but denies the remaining allegations contained in paragraph 45.

46. Admitted that Plaintiff was provided a note taker and "Caption MIC", but denies the remaining allegations in paragraph 46.

47. Denied.

48. Admitted that BERGMAN stated that she preferred to have an Interpreter instead, but denies the remaining allegations in paragraph 48.

49. Denied.

50. Denied.

51. Denied.

52. Defendants admit that BERGMAN requested administrative review of this decision and was permitted to have an administrative drop for the classes in question, but denies the remaining allegations in paragraph 52.

53. Defendants admit that BERGMAN was provided an interpreter who was later reassigned, but denies the remaining allegations in paragraph 53.

54. Denied.

55. Denied.

56. The referenced document speaks for itself and Defendants are not required to admit or deny.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**FACTS AS TO PAIGE ALLISON**

69. Defendant admits that ALLISON has sought education with the College and that she is hearing impaired, but denies the remaining allegations in paragraph 69.

70. Admitted.

71. Admitted.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

**77.** Without knowledge, therefore denied.

**FACTS AS TO DAYTONA STATE COLLEGE**

78. Admitted.

79. Admitted.

80. Denied.

81. Denied.

82. Admitted.

83. Denied.

84. Denied.

85. Admitted that the College offers course in ASL, but denies the remaining allegations in paragraph 85.

86. Denied.

**COUNT I**
**TITLE II OF THE AMERICAN WITH DISABILITIES ACT OF 1990- INJUNCTIVE RELIEF- DSC AND KENNEDY**

87. Defendants reallege their responses to paragraphs 1-86 as if fully set forth herein.

88. Admitted for purposes of establishing jurisdiction only.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

**COUNT TWO**
**SECTION 504 OF THE REHABILITATION ACT OF 1973- DAYTONA STATE COLLEGE**

94. Defendant DATYONA realleges its responses to paragraphs 1-86 as if fully set forth herein.

95. Admitted.

96. Admitted.

97. Admitted.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Defendant DAYTONA admits it is aware of its legal duties, but denies the remaining allegations in paragraph 103.

104. Denied.

**COUNT THREE**
**RETALIATION UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT- DSC AND KENNEDY- AND SECTION 504 OF THE REHABILITATION ACT- DSC**

105. Defendants reallege their responses to paragraphs 1-86 as if fully set forth herein.

106. The assertions in paragraph 106 are unclear and/or call for a legal conclusion and Defendants are unable to admit or deny.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state one or more claims upon which relief may be granted.

**SECOND DEFENSE**

The Plaintiffs' claims may be barred in whole or in part by their failure to mitigate damages.

**THIRD DEFENSE**

The Defendants at all times provided the Plaintiffs with reasonable accommodations as required under the ADA and the Rehabilitation Act.

**FOURTH DEFENSE**

The Defendants are not required to provide any accommodation to the Plaintiffs that would pose an undue hardship.

**FIFTH DEFENSE**

The Plaintiffs' claims are barred by waiver, estoppel and/or the doctrine of unclean hands.

**SIXTH DEFENSE**

The Defendants assert that they have acted in good faith at all times toward the Plaintiffs and without any intent to deprive them of any rights.

**SEVENTH DEFENSE**

The Defendants reserve the right to raise additional defenses that become available or arise during the litigation of this matter.

Dated: January 20, 2012.

Respectfully submitted,

/s/ *Mark E. Levitt*

Mark E. Levitt
Florida Bar No.: 193190
mlevitt@anblaw.com

339834

Shannon L. Kelly
Florida Bar No.: 031093
skelly@anblaw.com
**ALLEN, NORTON & BLUE, P.A.**
1477 West Fairbanks Ave.
Suite 100
Winter Park, Florida 32789
(407) 571-2152
(407) 571-1496 Facsimile
Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 20, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF System, which will send a notice of electronic filing to:

Matthew W. Dietz, Esq.
Florida Bar No.: 0084905
Law Offices of Matthew W. Dietz, P.L.
2990 Southwest 35th Avenue
Miami, Florida 33133
Tel: (305) 669-2822
Fax: (305) 442-4181

Marc Charmatz
Debra Patkin
National Association of the Deaf
Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, Maryland 20910
(301) 587-1788 (Voice)
(301) 587-1791 (Fax)
marc.charmatz@nad.org
debra.patkin@nad.org

/s/ *Mark E. Levitt*
Mark E. Levitt

339834